ILARIO PERSAMPIERI *vs.* COMMONWEALTH.

Suffolk. May 1, 1961. — June 13, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Homicide. Pleading, Criminal,* Indictment. *Error, Writ of. Suicide.*

An indictment charging that the defendant "did assault and beat . . . [his wife] with intent to murder her, by being feloniously and of his malice aforethought present, aiding, inciting and abetting . . . [her] to do and commit, in and upon herself, murder, and by such assault and beating did kill and murder . . . [her]," was susceptible of being construed as charging him with being a principal in the first degree, not merely the second degree, to murder; so construed, it permitted a conviction of manslaughter. [20–22]

On writ of error, a record containing only a sufficient indictment charging murder and docket entries showing a plea of guilty to and sentence for manslaughter disclosed no error and required affirmance of the judgment. [22]

A conviction of involuntary manslaughter was warranted by the facts that at a time when the defendant's wife was emotionally disturbed, had been drinking, and had threatened to commit suicide, he taunted her with being afraid to do so, told her to get a rifle in another room, loaded it for her, handed it back to her with the safety "off," as he saw, and, after she had put it in a position pointing at herself, told her how she could pull the trigger, whereupon the rifle discharged and she was mortally wounded. [22–23]

PETITION for writ of error filed in the Supreme Judicial Court for the county of Suffolk on December 8, 1960.

The case was reserved and reported without decision by *Spalding,* J.

The case was argued in May, 1961, before *Wilkins, C.J., Spalding, Williams, Kirk, & Spiegel,* JJ., and afterwards was submitted on briefs to all the Justices.

*Bruce K. Carpenter,* for the petitioner.

*James W. Bailey,* Assistant Attorney General, for the Commonwealth.

SPALDING, J.  This is a petition for a writ of error to reverse a judgment in a criminal case.  In an indictment containing two counts, the petitioner was charged with murder in the second degree.  In the first count, it was charged that on December 7, 1957, the petitioner "did assault and beat . . . [his wife] with intent to murder her, by being feloniously and of his malice aforethought present, aiding, inciting and abetting . . . [his wife] to do and commit, in and upon herself, murder, and by such assault and beating did kill and murder . . . [her]."  The second count charged that the petitioner's wife on December 7, 1957, "in and upon herself feloniously and of her malice aforethought, did make an assault; and with a certain rifle did inflict upon herself one mortal wound, of which . . . [she] did die; and so . . . [that she] feloniously and of her malice aforethought, and as a felon of herself, did kill and murder herself," and that the petitioner "was feloniously and of his malice aforethought present, aiding, inciting and abetting . . . [his wife] to do and commit, in and upon herself, the said felony and murder, and thereby did kill and murder . . . [her]."  On April 28, 1958, the peti-

tioner, who was represented by counsel, pleaded guilty to so much of the indictment as charged manslaughter and was sentenced to seven to ten years in the State prison. In this petition for writ of error he now challenges the conviction for reasons presently appearing. The Commonwealth pleaded in nullo est erratum. See *Jones* v. *Commonwealth,* 331 Mass. 169, 170. The single justice reported the case without decision to the full court.

The principal contentions of the petitioner, none of which (so far as appears) was pressed in the Superior Court, are (1) that the petitioner's wife committed suicide, that the petitioner was charged as a principal in the second degree as an aider and abettor to the suicide, that one who aids and abets in the commission of a suicide, by reason of G. L. c. 274, § 2,[1] is not punishable, since suicide itself is not a crime, and (2) that even if suicide is a crime, it is not, because of G. L. c. 274, § 1, a felony, and it was error to impose a felon's sentence. In our view of the case we do not reach these questions.

We are of the opinion that there was no error. The gravamen of the offence charged in the first count is that the petitioner murdered his wife and is guilty of murder in the second degree. This count substantially follows the statutory form (G. L. c. 277, § 79) the validity of which is well established. *Commonwealth* v. *Galvin,* 323 Mass. 205, 210–211. It is equally well settled that "[a] defendant may be convicted of manslaughter upon an indictment charging murder." *Commonwealth* v. *Gricus,* 317 Mass. 403, 404. See *Commonwealth* v. *Burke,* 342 Mass. 144, 146, and cases cited. To be sure, the count does contain a clause to the effect that the petitioner murdered his wife by aiding and abetting her self murder. The petitioner interprets this as indicating that he has been charged merely as principal in the second degree; but we think that the count, looked at as a whole, is equally susceptible to a construction

---

[1] This reads, "Whoever aids in the commission of a felony, or is accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed, shall be punished in the manner provided for the punishment of the principal felon."

that the petitioner was charged as principal in the first degree. If he had any doubts about the nature of the crime of which he was charged, he had a right to ask for a bill of particulars. G. L. c. 277, § 40. See *Commonwealth* v. *Jordan,* 207 Mass. 259, 265–268; *Commonwealth* v. *Noxon,* 319 Mass. 495, 535–536; *Commonwealth* v. *Galvin,* 323 Mass. 205, 210–211; *Commonwealth* v. *Valcourt,* 333 Mass. 706, 712–713. No bill of particulars was requested. Rather, the petitioner pleaded guilty to as much of the indictment as charged manslaughter. Since he has chosen to challenge his conviction by a writ of error, the review is limited to "matters of law apparent on the record of the court in which the judgment was entered as disclosed by the return." *Berlandi* v. *Commonwealth,* 314 Mass. 424, 427. *Guerin* v. *Commonwealth,* 337 Mass. 264, 267–269. Compare *Sandrelli* v. *Commonwealth,* 342 Mass. 129, 141–143. The record here contains only the indictment and the docket entries. Since this record reveals no error of law, the judgment below must be affirmed.

As a possible aid to the court and upon the suggestion of the single justice, the parties stipulated that the facts concerning the killing were as follows: On the evening of December 6, 1957, the petitioner and his wife were at their home in Quincy. After a visit from her parents, during which some whiskey was consumed, the petitioner "told his wife that he intended to get a divorce." She "pleaded with him for another chance as she had before," but the petitioner told her "that he had given her too many chances." She then said that she was going to commit suicide. The petitioner reminded her that she had attempted suicide on two prior occasions and said she was "chicken—and wouldn't do it." He then told her to go and get the .22 caliber rifle that was in the kitchen. Thereupon she went into the kitchen and got the gun and a bullet, came back into the living room, and unsuccessfully tried to load the gun. At her request, the petitioner loaded the gun for her, at which time he noticed the safety "was off." He handed the gun back to his wife and "she put . . . [it]

between her legs with the butt . . . on the floor and the muzzle or barrel against her forehead.'' The petitioner ''kept looking at the safety on the gun and saying to himself that the gun could go off.'' His wife tried to reach the trigger and told the petitioner that she could not reach it. He said ''Why don't you take off your shoes, then maybe you can reach the trigger.'' She then removed her right shoe and the gun discharged, wounding her. The petitioner summoned aid, but his wife died on the following day.

The stipulation, for reasons stated above, is no part of the record in a writ of error, but even if it were properly before us, it would not change the result. The facts revealed in the stipulation were sufficient, we think, to have warranted a jury in returning a verdict of manslaughter. The principles governing involuntary manslaughter are set forth at length in *Commonwealth* v. *Welansky,* 316 Mass. 383, 396–401, and in *Commonwealth* v. *Bouvier,* 316 Mass. 489, 494–495, and need not be repeated. We are of the opinion that the petitioner's conduct could be found to be criminally wanton or reckless. We do not decide whether the stipulated facts might warrant a conviction for voluntary manslaughter. The petitioner's wife was emotionally disturbed, she had been drinking, and she had threatened to kill herself. The petitioner, instead of trying to bring her to her senses, taunted her, told her where the gun was, loaded it for her, saw that the safety was off, and told her the means by which she could pull the trigger. He thus showed a reckless disregard of his wife's safety and the possible consequences of his conduct.

*Judgment affirmed.*