CROSS, Judge.
Appellant-plaintiff, Louise Rauschbaum, appeals a final summary judgment entered in favor of the appellee-defendant, Mon-dessa Goldstein, in an action for personal injuries suffered by the plaintiff when she slipped and fell on a wet floor while a social guest in defendant’s home.
The plaintiff, a woman of 82 years of age, was visiting her granddaughter who was residing with the defendant. The defendant’s residence consisted of a four-bedroom home with a screen-enclosed patio and swimming pool. The screened-in area containing the pool is directly behind the kitchen and one of the bedrooms, and there is an entrance from the pool area leading directly into the kitchen. The entrance is approximately fourteen feet from the pool.
On the date of the accident the defendant’s deposition indicates that she was wearing a swimsuit and was in the swimming pool cleaning the row of tiles at the water level of the pool. The pool was filled with water and the defendant was standing therein engaged in her work when the telephone in the kitchen rang. The defendant then left the pool and without *898 drying herself walked into the kitchen to answer the telephone. The defendant stood at the telephone for approximately three to four minutes, engaged in conversation. Water which had accumulated on her body while she was in the pool apparently dripped onto the terrazzo floor where she was standing. After completing her telephone call the defendant went back into the pool to finish her chore. A few minutes later the plaintiff walked into the kitchen, did not notice that water had accumulated on the floor, and slipped and fell, fracturing her right femur.
Plaintiff filed complaint for damages alleging negligence on the part of the defendant and asserting among other allegations that the defendant knew of the unsafe condition of the kitchen area. Defendant answered denying all the allegations in plaintiff’s complaint and further alleged that the plaintiff was guilty of contributory negligence and had assumed the risk. Depositions were taken of both parties, and thereafter defendant filed motion for summary judgment and in support of the said motion filed her deposition and affidavit.
Plaintiff filed her affidavit in opposition to the motion for summary judgment attaching thereto a letter written to plaintiff’s attorney by the defendant. The court granted defendant’s motion for summary judgment on the basis that there was not any issue as to the material fact of defendant’s actual knowledge of the condition which caused plaintiff’s injury. In reaching this conclusion the court stated in its order:
“ * * * Defendant in her deposition and her affidavit filed in support of the Motion for Summary Judgment affirmatively states that she had no actual knowledge of the presence of the water on her floor, nor of the fact that she was dripping water. * * * ”
In granting defendant’s motion for summary judgment, the court was guided by the cases of Lowery v. Rosenberg, Fla.App.1962, 147 So.2d 321; Tomei v. Center, Fla.App.1959, 116 So.2d 251; and Goldberg v. Straus, Fla.1950, 45 So.2d 883. These cases stand for the general proposition that the relationship between a guest for social purposes and a host is that of licensor and licensee and that the host will be held to liability for injury caused to his guest by a natural or artificial condition on the premises where the host has actual knowledge of the conditions and realizes that it involves unreasonable risk to his guest, and has reason to believe that the guest will not discover or realize the risk with the exercise of reasonable care.
While the testimony of the defendant offered in support of her motion for summary judgment to the effect that she had no actual knowledge of the water on the floor would be admissible at the trial as direct evidence relevant to the issue of defendant’s knowledge, such testimony does not, in the case’s present posture, eliminate this critical issue of fact. The other testimony given by the defendant indicating that she went from the pool to her kitchen telephone just a short distance away, entered the house without drying herself, and stood on the terrazzo floor of the kitchen while talking three to four minutes, gives rise to a reasonable inference that the defendant had actual knowledge of the water on the floor.
Merely because the evidence presented by the defendant relating to the material issue of her knowledge is uncon-troverted, a summary judgment under F.R.C.P. 1.510, 31 F.S.A., is not necessarily warranted. Where, as here, such uncontroverted evidence is lawfully susceptible of two or more conflicting inferences, there is an issue of fact that will preclude the entry of a summary judgment. Smith v. City of Daytona Beach, Fla.App.1960, 121 So.2d 440, 443; Touart v. Gonzalez, Fla.App.1963, 156 So.2d 656, 658.
For the reasons above expressed, the decision of the lower court is reversed, and *899 the cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
REED, J., and OVERSTREET, MURRAY W., Associate Judge, concur.