405 So.2d 449 (1981)
Patricia Ann COLE, a Minor by and through Her Parent, Natural Guardian and Next Friend, Patricia Viola Leach and Patricia Viola Leach, in Her Own Right, Appellants,
v.
Morley Allen LEACH and South Carolina Insurance, Appellees.
No. 80-2219.
District Court of Appeal of Florida, Fourth District.
October 14, 1981.
Rehearing Denied November 19, 1981.
Michael P. Lesniak of James & Lesniak, P.A., Fort Pierce, for appellants.
S. Carol McLean and Marjorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for appellees.
OWEN, WILLIAM C., Jr., (Retired) Associate Judge.
This dog bite case met its demise in the initial pleading stage. The complaint did not allege that the defendant owned the dog. Defendant's motion to dismiss not *450 only alerted the court to the absence of any allegation concerning ownership of the dog, but also gratuitously alleged, apparently as the coup de grace, that the dog was, in fact, owned by the plaintiffs. Being satisfied that the defendant was not the owner of the dog, the court dismissed the complaint with prejudice on that ground. We reverse.
The complaint was in three counts. Count I alleged, in substance, that while the minor plaintiff, Patricia Ann Cole, and her mother were social guests in the home of the defendant, the latter carelessly and negligently caused an assault and battery upon the person of the minor plaintiff in the presence of a dangerous dog when the defendant either knew or should have known that violent behavior on defendant's part in the presence of the dog would cause the dog to attack and injure persons in its immediate vicinity, and that as a consequence of defendant's conduct in causing the assault and battery upon the person of the minor plaintiff, the dog did enter into the fray and bite the minor plaintiff. Count III was the derivative claim of the minor plaintiff's mother.
Had plaintiffs' cause of action against the defendant been founded upon the statutory liability of a dog owner under Chapter 767, Florida Statutes, the complaint surely would have to allege defendant's ownership of the dog in order to successfully withstand a motion to dismiss. But here, plaintiffs travel on a legal theory entirely unrelated to ownership of the dog, namely, common law negligence of the defendant. Although the complaint might have been more artfully drafted, we hold that it sufficiently alleges[1] defendant's negligent conduct and the minor plaintiff's injury proximately resulting. One whose negligence causes injury to another is liable for all of the consequences that naturally and proximately flow from such injury, Cone v. Intercounty Telephone and Telegraph Company, 40 So.2d 148 (Fla. 1940), including injury from an intervening cause when such intervening cause is itself a reasonably forseeable consequence of the tortfeasor's conduct, Gibson v. Avis Rent-A-Car Systems, Inc., 386 So.2d 520 (Fla. 1980), the question of whether the intervening cause was reasonably foreseeable being one for the trier of fact. Gibson v. Avis Rent-A-Car Systems, Inc., supra.
Count II did not allege a valid cause of action. The order dismissing the complaint with prejudice is reversed as to Counts I and III, and this cause remanded to the trial court for further proceedings. Upon the issuance of mandate in this cause, the court is authorized, in the exercise of its discretion and in the interest of justice, to permit amendment to the complaint.
REVERSED AND REMANDED.
BERANEK, J., and GREEN, OLIVER L., Associate Judge, concur.
NOTES
[1] We are concerned only with the sufficiency of the allegations of the complaint, not with the truth of the allegations or with any defenses that might be affirmatively pleaded.