425 So.2d 1151 (1982)
Marietta GOODE, As Personal Representative of the Estate of Joel Goode, On Behalf of Marietta Goode, Individually, and Harry Goode, Individually, Appellants,
v.
WALT DISNEY WORLD CO., a Delaware Corporation; Columbia Casualty Company, and Lloyds of London, Appellees.
No. 81-1431.
District Court of Appeal of Florida, Fifth District.
December 22, 1982.
Rehearing Denied January 31, 1983.
*1153 Philip Freidin, P.A., and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellants.
John L. O'Donnell, Jr., and Thomas B. DeWolf of DeWolf, Ward & Morris, P.A., Orlando, for appellees.
COBB, Judge.
We are asked to review a summary judgment entered by the trial court in favor of the defendant, Walt Disney World Co., in an action for the wrongful death by drowning of a four-year-old child, Joel Goode. Although the trial court found "that there are genuine issues of fact as to the negligent design of certain theme park facilities," it found these issues immaterial because of an absence of evidence of causal relationship between such negligence and the death of the child. We reverse and remand for trial.
The background facts show that on August 11, 1977, Joel Goode, age 4, drowned while visiting Walt Disney World Theme Park. The drowning was not witnessed. The evidence gathered at depositions prior to an anticipated trial show that Joel, his mother and several other relatives were visiting the park and met at an ice cream shop at around 11:20 P.M. Mrs. Goode sat at a table bordering a grassy fenced-in area in which Joel and two other children were playing. The mother testified that the area was fenced in on all sides and that Joel had climbed the fence initially to get inside. After two of her children left, Joel and his 13-year-old cousin continued to play. Shortly thereafter, the cousin came over to the nearby table where Mrs. Goode sat and began talking to her. When she turned around, Joel was gone. Mrs. Goode began searching, and notified Disney personnel of the disappearance. Finally, at about 2:15 A.M., Joel's body was found approximately 150 feet east of where he was last seen in a waterway running around the castle, generally used for the Swanboat Ride.[1] The water was approximately five feet deep, with a current flowing from east to west. No one saw Joel at any time after his disappearance, nor did anyone see him going into the water. The area where Mrs. Goode was sitting was on the far side of a walkway which ran between the grassy area where the children played and a similar grassy area bordering the moat. In order for Joel to get directly to the other grassy area bordering the moat, it would have required that he climb out of the fenced-in area in which he was playing, cross the walkway, and climb over a second fence. Additionally, there remained an area of grass and shrubbery for Joel to cross before reaching the moat.
Mrs. Goode instituted this suit, alleging Disney to be negligent in the maintaining of its premises, including the failure to provide a fence adequate to prevent climbing by young children, and negligence in the design of the moat, creating a hazardous condition. Disney World answered, denying liability and affirmatively alleging contributory negligence on Mrs. Goode's part.
Disney moved for a summary judgment on three bases. First, it claimed there was only mere speculation as to the issue of proximate cause; second, the consequences were not foreseeable; and third, the mother's negligence was an efficient intervening cause of the son's death, sufficient to relieve Disney of liability as a matter of law.[2]
The trial court granted the motion for summary judgment on October 8, 1981. The court noted that while there were genuine issues of fact as to the negligent design in certain park facilities, the issues were not of material fact. The court found that the only evidence of proximate cause of the death of the child was that the mother failed in her duty to control a child *1154 of tender years. The court noted that there was no competent evidence as to the path the child took, and that the drowning under the circumstances was not foreseeable by the defendant. The court stated that without any evidence to show how the child drowned, neither a jury nor the court would be allowed or required to speculate as to any legal cause of events leading to his death. The court concluded by noting that the mother's negligence was not morally reprehensible or grounds for guilty feelings on her part, noting the large incidence of short lapses in attention by parents.
A final judgment was entered for the defendant on November 5, 1981. From this order, the appellant filed her notice of appeal.
The movant for a summary judgment has the initial burden of demonstrating the non-existence of any genuine issue of material fact. Once he tenders competent evidence to support his motion, the opposing party must come forward with counter evidence sufficient to reveal a genuine issue. Landers v. Milton, 370 So.2d 368 (Fla. 1979). Courts will not be disposed to grant a summary judgment unless a movant can show unequivocally that there was no negligence, or that the plaintiff's negligence was the sole proximate cause of the injury. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). Similarly, a question of proximate cause must generally be resolved by the trier of fact from all the facts and circumstances in a particular case, and where questions of negligence or contributory negligence are close, any doubt should always be resolved in favor of a jury trial. McCabe v. Walt Disney World Co., 350 So.2d 814 (Fla. 4th DCA 1977). See Helman v. Seaboard Coast Line Railroad Co., 349 So.2d 1187 (Fla. 1977). Negligence must be shown to be a proximate cause of the injury, and proximate cause does not equal possible cause, nor does it cover every possibility that may indeed occur. Stanage v. Bilbo, 382 So.2d 423 (Fla. 5th DCA 1980).
Here the appellant contends that the child got into the water by climbing the fence and crossing the grassy area to the moat. No evidence of these actions is present in the record, and no witnesses were present. Disney, on the other hand, contends that absent such direct evidence the trier of fact would be required to engage in impermissible speculation that the negligence of the defendant was causally related to the death.
Appellee relies on Nielsen v. City of Sarasota, 110 So.2d 417 (Fla. 2d DCA 1959), to support the summary judgment. In Nielsen, a six-year-old child was at a baseball game with his fourteen-year-old sister. While climbing the bleachers, he fell through an open space between the floorboard and the next row up. He fell to the ground and was severely injured. No one saw him begin his fall and there was no testimony as to what caused him to fall. The trial court entered a summary judgment for the defendant, finding that there was no showing of negligence or that the injury was proximately caused by any alleged negligence. The Second District held that there was a total lack of certain evidence to prove proximate cause, even if it could be said there was some negligence due to faulty construction, and that only speculation was present as to how the fall occurred. The court upheld the summary judgment, finding that it did not suffice to establish actionable negligence based on some unknown reason. The plaintiff appealed to the Supreme Court, citing a conflict with its decision in a prior case, Tucker Bros. v. Menard, 90 So.2d 908 (Fla. 1956), which allowed liability based on inferences. The Supreme Court in Nielsen v. City of Sarasota, 117 So.2d 731 (Fla. 1960) ruled that since the district court did not rule that proximate cause could not be established by circumstantial evidence, but may be done so in a proper case, there was no conflict and it was discharged. The court made no ruling on the result reached by the lower court and allowed it to stand.
Disney World claims that Nielsen is squarely on point, since in the instant case only speculation is present and that the case therefore should not go to the jury. Appellant counters by claiming that it is entirely *1155 proper to rely on circumstantial evidence as a method of proof, allowing inferences to be drawn as to what occurred. See Voelker v. Combined Ins. Co. of America, 73 So.2d 403 (Fla. 1954).
In Voelker, the Florida Supreme Court held that if the circumstances established by the evidence are susceptible of a reasonable inference or inferences which would allow recovery, and also capable of an equally reasonable contrary inference, a jury question is presented. The court noted:
We cannot overemphasize our use of the adjective "reasonable" as modifying the noun "inference." Of course, if none of the inferences on the one hand accords with logic and reason or human experience, while on the other hand an inference which does square with logic and reason is deducible from the evidence, the question is not for the jury, but is one of law for the court.
Voelker, 73 So.2d at 406. The court also noted that if the basic inference is established to the exclusion of any other reasonable theory, it may be built upon, with the basic inference rising to the dignity of an established fact. Id. at 407.
Appellants also rely on Tucker Bros. v. Menard, 90 So.2d 908 (Fla. 1956), in which a child came home burned and the parents instituted a suit against a landowner who had a smoldering fire on a nearby lot. There was no testimony that the child was seen on the lot at any time, but the circumstantial evidence showed it was an area where smoldering fires were common. The jury returned a verdict for the parents, and the Supreme Court affirmed, noting that if proved circumstances justify an inference pointing to the essential fact, which inference outweighs all reasonable inferences to the contrary, then it can be said that a conclusion as to the existence of the ultimate fact is justified by the circumstantial evidence. Tucker Bros, 90 So.2d at 911.
Appellants also rely on Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959), cert. denied, 122 So.2d 408 (Fla. 1960), to support their contention that circumstantial evidence as to proximate cause is sufficient to allow the case to go to the jury. In Majeske, a woman fell down some stairs, it was not known what caused the accident, but it was uncontroverted that the defendant was negligent in maintaining the stairs. The court held that the question of whether the negligence was the proximate cause of the accident could be determined by circumstantial evidence, and said that since a prima facie case of negligence was shown, along with the plaintiff's injury, the jury would be entitled, without speculating, to draw reasonable inferences, with a summary judgment being inappropriate.
Appellee contends that even if the court were to find the inferences as to causation sufficient, a summary judgment would still be appropriate as there were no issues of fact which would permit a jury to see the death as a foreseeable consequence of the alleged negligence. Foreseeability of injury is a prerequisite to the imposition of a duty upon the defendant. If an injury is not reasonably foreseeable then there can be no recovery. A foreseeable consequence is one which a prudent man would anticipate as likely to result from an act and are those that happen so frequently that they may be expected to happen again and are therefore probable consequences. Foreseeable consequences are not "what might possibly occur." Firestone Tire & Rubber Co. v. Lippincott, 383 So.2d 1181 (Fla. 5th DCA), review denied, 392 So.2d 1376 (Fla. 1980). Foreseeability depends in part on whether the type of negligent act involved in a particular case has so frequently previously resulted in the same type of injury or harm that "in the field of human experience, the same type of result may be expected again." Pinkerton-Hays Lumber Co., Inc. v. Pope, 127 So.2d 441 (Fla. 1961). Although the actual harm that resulted may be seen as not foreseeable as a matter of law by the court, it is not necessary that the tortfeasor be able to foresee the exact nature and extent of the injuries in the precise manner in which they occurred; rather, all that is necessary is that the tortfeasor be able to foresee some injury *1156 likely to result in some manner as a consequence of his negligence. Braden v. Florida Power & Light Co., 413 So.2d 1291 (Fla. 5th DCA 1982); Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA), review denied, 411 So.2d 380 (Fla. 1981).
Here, it cannot be said that if indeed there was negligence in the use of short fences, it is not foreseeable as a matter of law that some injury would result, particularly in a place such as Disney World where millions of children pass through each year. Therefore, if the inferences to find causation are sufficient, the question of foreseeability would seem to be one properly for the jury.
We believe there is a reasonable inference available to the jury that a causal relationship exists between the negligence (admitted for summary judgment argument) of the defendant in having a fence too short to prevent physical access to the moat by small children and the drowning death of Joel Goode. Disney World has conceded that it is foreseeable that small children frequently become separated from their parents and that they have been known to climb its short fences and gain access to the grassy area bordering the moat. Access to the edge of the moat is access to the moat itself. A four-year-old boy cannot be guilty of contributory negligence so as to constitute an efficient intervening cause precluding Disney World's liability. Nor can the mother's negligent supervision, admitted arguendo by appellant, serve as an efficient, intervening cause shielding Disney World from liability, since her negligent supervision, similar to that of thousands of other parents which occurs annually at the Magic Kingdom, was foreseen by Disney World. Indeed, the evidence below was that at the Kingdom's Lost Children Center there were 11,420 "lost children" reported in 1977. If an intervening cause is foreseeable, it cannot insulate a defendant from all liability. Rupp v. Bryant, 417 So.2d 658 (Fla. 1982).
It was not necessary for the plaintiff below to exclude the existence of other reasonable inferences of non-negligent causation in order to avert entry of a summary judgment. As pointed out in Voelker, 73 So.2d at 406:
... if the circumstances established by the evidence be susceptible of a reasonable inference or inferences which would authorize recovery and are also capable of an equally reasonable inference, or inferences, contra, a jury question is presented.
The summary judgment entered by the trial court is reversed and this cause is remanded for trial.
REVERSED and REMANDED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Appellees contend that due to the location of the body, the boy would have been required to float against the current if appellant's speculation as to what occurred is correct.
[2] Both sides concede that the negligence of Disney World, if any, is not at issue, as the summary judgment was on the basis of causation. There were witnesses who testified that the fence as installed was shorter than the one designed to surround the moat.