448 So.2d 1036 (1983)
Timothy LORANGER, a Minor, BY and through Louis Loranger, His Father and Next Friend, and Louis Loranger, Individually, Appellants,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 82-1238.
District Court of Appeal of Florida, Fourth District.
July 13, 1983.
Rehearing Denied May 9, 1984.
*1037 William deForest Thompson, Fort Lauderdale, and Joel L. Kirschbaum of Esler, Kirschbaum & Gustafson, Fort Lauderdale, for appellants.
Timothy J. Payne of Conrad, Scherer & James, Fort Lauderdale, for appellee.
ANSTEAD, Chief Judge.
This is an appeal from a final summary judgment exonerating DOT from responsibility for injuries suffered by the minor appellant when he was struck by an automobile on the Florida Turnpike. We reverse.
Timothy Loranger, then two months shy of eight years of age and intending to go fishing, gained access to the turnpike by going through a hole under a fence erected by DOT to prevent access to the roadway. He apparently followed a worn path which led to the fence and continued through the hole under the fence down onto the turnpike. After having crossed both the southbound and northbound lanes, Timothy followed several other boys he was with back across the road to check on their bicycles. Timothy was hit by a car before reaching the other side of the road.
In its motion for summary judgment, memorandum in support thereof, and at the hearing on the motion, DOT argued only that its alleged negligence in improperly maintaining the fence was too remote as a matter of law to constitute a proximate causal factor of Timothy's injuries. In Cole v. Leach, 405 So.2d 449, 450 (Fla. 4th DCA 1981), this court stated:
One whose negligence causes injury to another is liable for all of the consequences that naturally and proximately flow from such injury, Cone v. Intercounty Telephone and Telegraph Company, 40 So.2d 148 (Fla. 1940), including injury from an intervening cause when such intervening cause is itself a reasonably foreseeable consequence of the tort-feasor's conduct, Gibson v. Avis Rent-A-Car Systems, Inc., 386 So.2d 520 (Fla. 1980), the question of whether the intervening cause was reasonably foreseeable being one for the trier of fact. Gibson v. Avis Rent-A-Car Systems, Inc., supra.

In Goode v. Walt Disney World Co., 425 So.2d 1151 (Fla. 5th DCA 1982), the Fifth District Court of Appeal was confronted with the issue of whether the trial court erred in entering summary judgment in favor of Walt Disney World Co. in a wrongful death action. A child drowned after he apparently climbed over a fence in the theme park. The trial court found that genuine issues of fact existed as to the design of a fence, but found those issues immaterial because of the lack of a causal relationship between the alleged negligence and the child's death. In reversing the trial court, the Goode opinion declared:
We believe there is a reasonable inference available to the jury that a causal relationship exists between the negligence (admitted for summary judgment argument) of the defendant in having a fence too short to prevent physical access to the moat by small children and the drowning death of Joel Goode. Disney World has conceded that it is foreseeable that small children frequently become separated from their parents and that they have been known to climb its *1038 short fences and gain access to the grassy area bordering the moat. Access to the edge of the moat is access to the moat itself. A four-year-old boy cannot be guilty of contributory negligence so as to constitute an efficient intervening cause precluding Disney World's liability. Nor can the mother's negligent supervision, admitted arguendo by appellant, serve as an efficient, intervening cause shielding Disney World from liability, since her negligent supervision, similar to that of thousands of other parents which occurs annually at the Magic Kingdom, was foreseen by Disney World. Indeed, the evidence below was that at the Kingdom's Lost Children Center there were 11,420 "lost children" reported in 1977. If an intervening cause is foreseeable, it cannot insulate a defendant from all liability. Rupp v. Bryant, 417 So.2d 658 (Fla. 1982).
425 So.2d at 1156.
In the instant case, we believe the trier of fact could properly conclude that a causal relationship existed between the alleged negligent maintenance of the fence and the injuries sustained by the minor appellant when he was hit by a car on the turnpike. The foreseeability of injuries of the type suffered here seems proper for the jury. Is it not foreseeable that a child, attracted to a fishing hole located behind his neighborhood and across the turnpike and frequented by the neighborhood children, would be hit by an automobile if there are not sufficient warnings or properly maintained barriers to prevent the child from wandering onto the turnpike? Looking at the facts in a light most favorable to appellant and resolving all inferences against DOT, we believe the final summary judgment was erroneously entered.
Accordingly, the judgment is reversed and this cause is remanded for further proceedings consistent herewith.
HERSEY, J., concurs.
BERANEK, J., dissents with opinion.
BERANEK, Judge, dissenting.
I dissent. I believe the trial court was correct. The DOT should not be held responsible for injury on roads which people chose to walk across.

ON REHEARING
PER CURIAM.
Although adhering to our initial reversal, we choose to address the issue of legal duty on rehearing. The only issue on which the trial court ruled in granting summary judgment was that the defendant's assumed negligence was "too remote" to constitute a proximate cause of the plaintiffs' injury. We initially reversed that summary judgment concluding that issues of fact were present. Our initial opinion was based entirely on the assumption that negligence on the DOT's part was present.
On appeal, the DOT/appellee had attempted to raise the issue of an absence of duty as an additional reason supporting the trial court's summary judgment. Appellants/plaintiffs objected to our consideration of the duty issue because it had never been specifically raised before the trial court.[1] Appellants argued the established principle that a matter may not be raised for the first time on appeal. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981) and Mariani v. Schleman, 94 So.2d 829 (Fla. 1957). DOT argued conversely that we may affirm the trial court if the judgment was correct albeit for the wrong reason. Firestone v. Firestone, 263 So.2d 223 (Fla. 1972) and Miami Beach v. 8701 Collins Avenue, Inc., 77 So.2d 428 (Fla. 1954).
We need not and do not deal with the philosophical frictions between the two appellate maxims of "right for the wrong reason" and "raising issues for the first *1039 time on appeal." The Rules of Civil Procedure give clear guidance making resort to these appellate maxims unnecessary. Fla. R.Civ.P. 1.510 governs summary judgments, and subsection (c) thereof provides for the content of the motion. In order to insure that the issues raised are adequately identified and the parties given notice and an opportunity to perform discovery, the rule requires that the motion state with particularity the grounds upon which it is based and the substantial matters of law to be argued. The 1976 committee note indicates that subsection (c) was designed to prevent surprise.
The trial court has never considered the issue of an absence of duty on the part of DOT. Indeed, the DOT apparently never considered this issue until the filing of the appellee's brief in this court. We are not certain precisely what legal and factual issues may arise if and when the trial court is presented with an appropriate pleading raising the issue of the existence of a legal duty. Suffice it to say that we will not deal with these issues initially on appeal under the circumstances of this case.
We further caution that our reliance on Goode v. Walt Disney World Company, 425 So.2d 1151 (Fla. 5th DCA 1982), in our initial opinion should not be construed as applicable to the duty issue which was not addressed in that opinion. The motion for rehearing is denied, the summary judgment is reversed and the matter remanded for further proceedings consistent herewith.
ANSTEAD, C.J., and BERANEK and HERSEY, JJ., concur.
NOTES
[1] The appellee's answer to appellants' amended complaint asserts that appellee's activity in erecting the fence was a planning, as opposed to an operational function; that it was guilty of no negligence; that the minor claimant caused his own injuries; that the appellee is entitled to a set-off for any funds appellants collected for the injuries from any other source; and that the limitation of liability set out in Section 768.28, Florida Statutes, is applicable.