LETTS, Judge.
The trial court dismissed the information, which charged the defendant with manslaughter by culpable negligence, because the court was of the opinion that a “su-perceding intervening act” was the cause of death. We reverse.
The defendant and the deceased victim were talking in a bar, the latter evincing unhappiness, depression, and a desire to “blow her brains out.” Obligingly, the defendant took the victim out to the parking lot and gave her a .45 caliber pistol produced from his automobile. As described in part in the defendant’s own words:
We went out to the car and I opened the door and I took the gun out ... I held it up like this here. And so I didn’t want her thinking this was just a toy or something or I would — to be — I wanted to make sure she was careful. So I chambered a round like this here. And I held the gun up like this and I said, “Now this is a real gun and it’s loaded.” I didn’t want her to think this was, you know, some toy she could play with. You know, and I wanted — I guess I wanted to scare her a little bit at the same time. And when I did that then she reached out and took the gun.
[[Image here]]
And she had walked to the other side of the parking lot. And as I was walking up to her she turned around. She looked at me. And she said something. I don’t even know what she said. And then she pulled the gun up to her head and pulled the trigger.
In granting the motion to dismiss, the trial court conceded, for the purposes of the motion, that the defendant was culpably negligent. Nevertheless, the trial court opined that, as a matter of law, there occurred a “superceding intervening act of the alleged victim ... in that her death was caused by her own independent act of suicide.”
The defendant relies heavily on J.A.C. v. State, 374 So.2d 606 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1203 (Fla.1980), for the proposition that the victim’s act of pulling the trigger was an intervening, su-perceding cause. In J.A.C., the decedent was a passenger in a car involved in a drag race. “The accident occurred only because the decedent, while attempting to operate the gear shift, instead grabbed the steering wheel and caused the vehicle to go out of control.” Id. at 607. Under the circumstances, the court in J.A. C. found the conduct of the defendant was not the proximate cause of the homicide since its effect was superceded by the decedent’s own independent intervening act.
The present case would appear to be distinguishable. If an intervening cause is foreseeable, it cannot insulate a defendant from all liability. Rupp v. Bryant, 417 So.2d 658 (Fla.1982). In Loranger v. State Department of Transportation, 448 So.2d 1036, 1037 (Fla. 4th DCA 1983), this court *1340 quoted Cole v. Leach, 405 So.2d 449, 450 (Fla. 4th DCA 1981):
One whose negligence causes injury to another is liable for all of the consequences that naturally and proximately flow from such injury, Cone v. Intercounty Telephone and Telegraph Company, 40 So.2d 148 (Fla.1949), including injury from an intervening cause when such intervening cause is itself a reasonably foreseeable consequence of the tort-feasor’s conduct, Gibson v. Avis Rent-A-Car Systems, Inc., 386 So.2d 520 (Fla. 1980), the question of whether the intervening cause was reasonably foreseeable being one for the trier of fact. Gibson v. Avis Rent-A-Car Systems, Inc., supra.
See also Padgett v. West Florida Electrical Cooperative, Inc., 417 So.2d 764, 768 (Fla. 1st DCA 1982).
In the case at bar, we are of the firm opinion that it cannot be said as a matter of law that the deceased victim’s actions were not foreseeable. See State v. Marti, 290 N.W.2d 570 (Iowa 1980); Persampieri v. Commonwealth, 343 Mass. 19, 175 N.E.2d 387 (1961); State v. Bier, 181 Mont. 27, 591 P.2d 1115 (1979).
The victim had said she wanted to blow her brains out. The defendant immediately furnished her with a loaded pistol and stood and watched her do just that. The defendant, of course, claims that he thought the victim was joking, but as a matter of law it cannot be said that it was unforeseeable that the victim would do that very thing which she had already announced she would. As a consequence, under the facts sub judice, the question of foreseeability is for the jury.
REVERSED AND REMANDED.
HERSEY, C.J., and WALDEN, J., concur.