PER CURIAM.
The plaintiff, Mary Mason, appeals from a final summary judgment entered in favor of Consolidated Royal Corporation [Consolidated]. We reverse and remand for further proceedings.
The plaintiff filed an amended complaint seeking damages from several defendants for their negligence which allegedly caused injury to Mason when she slipped and fell in a retail store operated by McCrory Corporation. The named defendants are McCrory Corporation; Consolidated, the manufacturer and packager of a product known as Aloe Vera Shampoo; Schoeneck Containers, Inc., the manufacturer of the plastic container which Consolidated used to package its product; Fishermen’s Hospital, Inc.; and J.S. Neviaser, M.D. The plaintiff alleges that Consolidated negligently packaged its product in containers that leaked, that the shampoo did leak from one of the containers onto the floor, and that this was the proximate cause of her injuries.
The shampoo arrived at McCrory’s in June or July of 1984. On the morning of November 3, 1984, the date of the accident, the floors were swept and no puddles of shampoo were found on the floor. The plaintiff entered the store at about noon and, while walking in the area where the shampoo was shelved, she slipped and fell. Waltraud Hall, a McCrory employee, came to the scene of the accident immediately after the fall, and described the substance on the floor as green shampoo. Hall also testified that she noticed a bottle of shampoo on the display shelf after the plaintiff had fallen that was less than full. John Gifford, McCrory’s manager, identified the shampoo as being Consolidated’s product. On November 9, 1984, Deborah Ann Carlin, *1012 an insurance adjuster from Crawford & Company, came to McCrory’s to investigate the accident. Gifford and Carlin removed the boxes of Consolidated’s shampoo from the shelves and examined them. When some of the boxes were opened, some shampoo was found at the bottom of the boxes, and the sides of the bottles had encrustations of dried shampoo. Consolidated moved for and was granted final summary judgment and the plaintiff appealed.
The trial court erred in granting Consolidated’s motion for summary judgment and in entering final judgment in favor of Consolidated where there is a genuine issue of material fact as to whether Consolidated was negligent in packaging its product. See Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40 (Fla.1966); Muthig v. Carnival Cruise Lines, Inc., 549 So.2d 765 (Fla. 3d DCA 1989). The allegations set forth in the amended complaint and the deposition testimony given by Carlin, Hall and Gifford are more than adequate to establish a jury question with regard to Consolidated’s alleged negligence. See Suggs v. Allen, 563 So.2d 1132 (Fla. 1st DCA 1990). In addition, where the evidence, as here, “is lawfully susceptible of two or more conflicting inferences, there is an issue of fact that will preclude the entry of a summary judgment.” Rauschbaum v. Goldstein, 204 So.2d 897, 898 (Fla. 4th DCA 1967). In the instant case, since there was evidence presented upon which a jury could lawfully find for the plaintiff, even though the evidence was susceptible to different reasonable inferences, it was error for the court to enter summary judgment. See Bars v. Morrison-Knudsen Co., 222 So.2d 445 (Fla. 4th DCA 1969). Accordingly, we reverse the final summary judgment under review.
Reversed and remanded for further proceedings consistent with this opinion.