# Third District Court of Appeal

## State of Florida

Opinion filed June 22, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1276
Lower Tribunal No. 18-13493 CC
_____

**Steven Ramos,**
Appellant,

vs.

**Patricia Bastos and Rios Pet Spa & Boarding, Inc.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Linda Melendez, Judge.

Gordon C. Watt, P.A., and Gordon C. Watt; Andrew M. Kassier, P.A., and Andrew M. Kassier, for appellant.

Cotzen Law, P.A., and Michael L. Cotzen, for appellees.

Before FERNANDEZ, C.J., and LINDSEY and GORDO, JJ.

FERNANDEZ, C.J.

Steven Ramos appeals the county court's final judgment entered in favor of Patricia Bastos and Rios Pet Spa & Boarding, Inc. (collectively, "defendants"). Because the defendants were not entitled to judgment as a matter of law, we reverse.

On June 28, 2014, Steven Ramos ("Ramos") took his dog to a pet grooming facility operated by Bastos and Rios Pet Spa & Boarding, Inc. ("Rios Pet Spa"), located in North Miami, Florida. While at the pet grooming facility, Ramos's dog was attacked by another dog that was at the facility. Ramos alleges his dog received an eye injury.

Ramos sued Patricia Bastos ("Bastos") and Rios Pet Spa in county court for two counts of negligence. Ramos alleged one count of negligence against Bastos and stated that as a business invitee, Bastos owed a duty of care to all business invitees lawfully on the grooming business's property to operate the pet grooming service in a manner that avoids injury to person and property. Ramos alleged Bastos breached that duty of care by allowing Ramos's dog to be injured. In Count II, Ramos set forth the same negligence allegations against Rios Pet Spa.

Thereafter, defendants filed a motion for summary judgment. They alleged that Ramos's claims failed because he did not sue an indispensable party, namely, the owner of the attacking dog. Defendants alleged that under

section 767.04, Florida Statutes (2018), the owner of a dog that bites any person while such person is on or in a public place or lawfully on or in a private place is liable for the damages suffered. They also claimed that under section 767.01, the owner of a dog is strictly liable for damages done to persons or to any animal by his dog.

In May 2021, the county court held a hearing on defendant's summary judgment motion and entered summary judgment in favor of the defendant.[1] In the final judgment, the trial court stated that sections 767.01 and 767.04 are strict liability statutes. Consequently, the dog owner was strictly liable for damages caused by the dog, and summary judgment should be entered as a matter of law in favor of the defendants. The trial court found that these two statutes prohibited Ramos's negligence claims against both defendants. After the final judgment was entered, Ramos appealed.

Among his arguments on appeal, Ramos contends that sections 767.01 and 767.04 are inapplicable in this case because neither of the defendants were actual owners of the dog that injured Ramos's dog. We agree.

This Court reviews an order granting summary judgment under a *de novo* standard of review. <u>Volusia Cty. v. Aberdeen at Ormond Beach, L.P.</u>,

---

[1] There was no court reporter at the hearing, thus, there is no transcript.

3

760 So. 2d 126, 130 (Fla. 2000). The trial court improperly granted defendants' motion for summary judgment because it erred with respect to the application of sections 767.04 and 767.01. Section 767.01 states, "Owners of dogs shall be liable for any damage done by their dogs to a person or to any animal included in the definitions of 'domestic animal' and 'livestock' . . . ." In turn, section 767.04 states:

> The owner of any dog that bites any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of the dog, is liable for damages suffered by persons bitten, regardless of the former viciousness of the dog or the owners' knowledge of such viciousness. However, any negligence on the part of the person bitten that is a proximate cause of the biting incident reduces the liability of the owner of the dog by the percentage that the bitten person's negligence contributed to the biting incident. A person is lawfully upon private property of such owner within the meaning of this act when the person is on such property in the performance of any duty imposed upon him or her by the laws of this state or by the laws or postal regulations of the United States, or when the person is on such property upon invitation, expressed or implied, of the owner. However, the owner is not liable, except as to a person under the age of 6, or unless the damages are proximately caused by a negligent act or omission of the owner, if at the time of any such injury the owner had displayed in a prominent place on his or her premises a sign easily readable including the words "Bad Dog." **The remedy provided by this section is in addition to and cumulative with any other remedy provided by statute or common law.**

(Emphasis added). Here, however, Ramos did not sue the attacking dog's owner; he sued the business owner and the grooming business. Ramos

alleged two counts of common law negligence in his amended complaint. His amended complaint was not based upon the strict statutory liability of a dog owner, as he did not allege a claim under either section 767.01 or section 767.04. Thus, although Ramos could have sued the owner of the attacking dog, he did not. Sections 767.01 and 767.04 are silent as to keepers or custodians of dogs, which allows for a common law negligence action against a business and business owner by a business invitee for damages sustained at the business premises. Noble v. Yorke, 490 So. 2d 29, 31-32 ("However, in Belcher [Yacht, Inc. v. Stickney, 450 So. 2d 1111, 1112 (Fla. 1984)), we noted that the strict liability of section 767.04 is limited to dog owners and a dog-bite victim may sue the non-owner of the dog upon a theory of common law liability. . . ."); Cole v. Leach, 405 So. 2d 449, 450 (Fla. 4th DCA 1981) ("But here, plaintiffs travel on a legal theory entirely unrelated to ownership of the dog, namely, common law negligence of the defendant.").

Accordingly, as a matter of law, defendants were not entitled to judgment in their favor. Thus, the county court erred in entering summary judgment for the defendants. We therefore reverse the final judgment and remand to the county court for further proceedings.

Reversed and remanded.

5