483 So.2d 804 (1986)
Margaret MARTIN and Charlie Martin, Jr., Appellants,
v.
The CONSOLIDATED CITY OF JACKSONVILLE, and Jacksonville Transportation Authority, Appellees.
No. BG-158.
District Court of Appeal of Florida, First District.
February 14, 1986.
*805 Mark M. Green of Funk & Green, Jacksonville, for appellants.
James M. McLean of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellees.
SMITH, Judge.
Appellants, plaintiffs below, appeal an adverse judgment following a directed verdict in favor of appellees-defendants Consolidated City of Jacksonville (City) and Jacksonville Transportation Authority (JTA). We affirm the judgment of no liability entered in favor of JTA, but reverse as to the City.
Appellant Margaret Martin sued the City and JTA for injuries sustained by her when she stepped into a hole adjacent to a storm sewer drain as she was about to board a *806 bus operated by JTA. The place where the accident occurred was a designated bus stop, so indicated by a wooden "Bus Stop" sign. It is undisputed that the bus stopped directly in front of the area where Mrs. Martin was standing, and that when the fall occurred she was proceeding directly towards the door of the bus. Appellants presented ample evidence concerning the existence of the hole adjacent to the storm sewer drain and its appearance at the time of the accident. Appellants also presented the testimony of three witnesses who had stepped into a hole at that location at various times within some two or three months prior to the accident. Although this testimony was subject to some conflicting inferences and interpretations, it was sufficient, in our opinion, to create a jury issue whether the City should be charged with constructive notice of the hole, although the City was not shown to have had actual notice of its existence.
It has long been the law of this state that a municipality can be held liable for injuries occasioned by defects existing for a sufficient length of time to allow discovery by the exercise of reasonable care. Mullis v. City of Miami, 60 So.2d 174 (Fla. 1952); Singleton v. City of Jacksonville, 107 So.2d 47 (Fla. 1st DCA 1958); City of Tampa v. Johnson, 114 So.2d 807 (Fla. 2d DCA 1959); Leon v. City of Miami, 312 So.2d 518 (Fla. 3d DCA 1975). The length of time the hole existed, and whether or not it was sufficiently "visible" or "apparent" in the exercise of reasonable care are fact questions peculiarly within the province of the jury, unless the evidence, and all reasonable inferences and conclusions which may be drawn from it, would lead only to the conclusion that the City was not negligent. Here, the bus stop was clearly shown to have been within the ownership and control of the City. Further, although the evidence does indicate that the exact point at which the bus stopped was a few feet beyond the bus stop sign, it is clear that the storm sewer drain was within the immediate vicinity of the designated area, so that, again, whether it was reasonably foreseeable to the City that a prospective bus passenger would be likely to traverse the spot where the hole existed in the process of boarding the bus would be a question for the jury. See City of Pensacola v. Stamm, 448 So.2d 39, 41 (Fla. 1st DCA 1984), pet. for rev. den. sub nom., Historic Pensacola Preservation Board v. City of Pensacola, 456 So.2d 1181 (Fla. 1984) (duty of care arises concerning swale of parkway where City "virtually invites" injured person to walk).
In oral argument the City argued heavily, in support of the directed verdict in its favor, that the trial court's ruling should be affirmed on the basis of Hannewacker v. City of Jacksonville Beach, 402 So.2d 1294 (Fla. 1st DCA 1981), affirmed as modified, Hannewacker v. City of Jacksonville Beach, 419 So.2d 308 (Fla. 1982). The City's reliance upon Hannewacker is misplaced. It is true that in that case the evidence disclosed that the City had no regular inspection schedule for the repair of streets or sidewalks, but instead, the City relied upon complaints, phone calls, or irregular visual inspection in determining the existence of defects in need of repair. This court affirmed the trial court's granting of a motion for directed verdict in Hannewacker; however, the decision had nothing to do with the evidence of the City's lack of a regular inspection program. This court found that there was simply no evidence in the record regarding the length of time the defect in the curb had existed. On review, the Florida Supreme Court approved this result, modifying this court's decision only with respect to the evidentiary status of photographic evidence. 419 So.2d 308, 310-12. Here, in contrast, there definitely was both direct and circumstantial evidence of the length of time the hole adjacent to the storm sewer drain had existed.
Turning to the directed verdict in favor of JTA, we find the case in quite a different posture. While the evidence indicated that JTA was responsible for designating bus stops within the City, there was no showing of negligence on the part of *807 JTA in designating the particular spot where the accident occurred. Nor, since the bus stop location itself was under the direct ownership, control and maintenance of the City, do we find evidence that JTA either did or failed to do anything that caused or contributed to the existence of the hole into which Mrs. Martin fell while attempting to board the bus. A carrier which does not exercise any control over its designated stopping places generally is held not liable for injuries suffered by a prospective passenger resulting from defects in the boarding area. 14 Am.Jur.2d, Carriers, S. 916; and see Edwards v. Jacksonville Coach Company, 88 So.2d 543 (Fla. 1956).
There was no evidence from which a jury reasonably could conclude that the JTA bus driver reasonably could have seen the defect in the boarding area from his position in the bus. Furthermore, appellants have offered no evidence as to what steps reasonably could or should have been undertaken by JTA to discover the hole which caused Mrs. Martin's injury. Under the circumstances, we find that the trial court did not abuse its discretion in directing a verdict in favor of JTA.
Finally, we find no reversible error in the trial court's refusal to allow plaintiffs to amend their complaint at the conclusion of all their evidence to allege negligence on the part of JTA predicated upon the bus driver's stopping the bus at a point slightly removed from the bus stop location as indicated by the sign. There was no evidence from which it could be determined that there was anything unusual or dangerous involved in the stopping of the bus adjacent to the storm sewer drain, since it was simply the practice of the bus driver to steer the bus as close as possible to the adjacent curb, so that the passenger could step directly from the curb into the door of the bus, without necessity of stepping into the street itself. In any event, the allowance of amendments to conform to the evidence is within the discretion of the trial judge. Triax, Inc. v. City of Treasure Island, 208 So.2d 669 (Fla. 2d DCA 1968); Costa Bella Development Corp. v. Costa Development Corp., 445 So.2d 1090 (Fla. 3d DCA 1984); K.D. Lewis Enterprises Corp., Inc. v. Smith, 445 So.2d 1032, 1037 (Fla. 5th DCA 1984). The trial court could well have determined that the allowance of the proposed amendment to the pleadings would have introduced new issues, requiring defendant to defend upon theories of which it was not reasonably placed on notice at the beginning of the trial. We find no abuse of discretion in refusing the amendment. See, Wolf Ridge Plastics, Inc. v. Jacksonville Electric Authority, 388 So.2d 1298 (Fla. 1st DCA 1980); Smith v. Mogelvang, 432 So.2d 119 (Fla. 2d DCA 1983); Lasar Manufacturing Co., Inc. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983); Kersey v. City of Riviera Beach, 337 So.2d 995 (Fla. 4th DCA 1976).
AFFIRMED in part, REVERSED in part, and REMANDED for new trial as to the Consolidated City of Jacksonville.
WENTWORTH and JOANOS, JJ., concur.