PER CURIAM.
Appellants sued the appellee Department of Transportation following a single-car accident occasioned by appellants’ car striking a large pothole. At issue was whether the pothole had existed for a sufficient length of time to put the appellee on actual or constructive notice of its existence, such as might constitute negligence for its alleged failure to make timely repairs.
The trial court granted summary judgment in favor of the appellee. We reverse.
This case is almost on all fours with our sister court’s opinion in Martin v. Consolidated City of Jacksonville, 483 So.2d 804 (Fla. 1st DCA 1986). Martin stands for the proposition that a governmental entity can be held liable for injuries occasioned by defects existing for a sufficient length of *1176 time to allow discovery by the exercise of reasonable care. Further, the Martin court held:
The length of time the hole existed, and whether or not it was sufficiently “visible” or “apparent” in the exercise of reasonable care are fact questions peculiarly within the province of the jury, unless the evidence, and all reasonable inferences and conclusions which may be drawn from it, would lead only to the conclusion that the City was not negligent.
Id. at 806.
This matter clearly presents an issue of fact for the jury as to how long the pothole was present, as well as the size of the pothole, as it would relate to actual or constructive notice to appellee. The trial court erred in granting summary judgment.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
GLICKSTEIN and POLEN, JJ., and ESQUIROZ, MARGARITA, Associate Judge, concur.