PETERSON, Judge.
Rosemond Turner appeals from a summary judgment granted to Winn-Dixie Stores, Inc. in her action for damages for the injuries she suffered when she allegedly stepped into a pothole in a parking lot serving customers of Winn-Dixie Food Stores, Inc. (Winn-Dixie). We reverse after concluding that the record shows an issue of fact as to whether Winn-Dixie had prior constructive knowledge of the alleged defect in Winn-Dixie’s parking lot.
According to Ms. Turner, on November 21, 1990, she parked her four door car in a striped parking space provided for customers of the store. After making her purchases in the store, she returned to the passenger side of her car with a shopping cart and unloaded some of the items from the cart, placing them in the rear passenger seat through the rear door. She closed that door and opened the front passenger door to place the remaining items in the car. After she opened the door, she turned around and faced the shopping cart with her back to the car. She then lifted a bag of groceries from the cart, took one step backwards into an unseen pothole, fell, and fractured her left foot. Ms. Turner asserts that she then drove herself home and never personally reported the accident to Winn-Dixie. Since the date of the incident *828 the entire parking lot has been resurfaced and repainted and no evidence of a pothole remains. There were no witnesses to the incident.
Although no witnesses to the date of summary judgment have actually seen the pothole that caused the injury except Ms. Turner, a Winn-Dixie manager testified at deposition that he had a recollection of potholes existing in the parking lot immediately in front of the store prior to the time of its repavement. That testimony raises an issue as to whether Winn-Dixie had constructive knowledge of a dangerous condition that resulted in Ms. Turner’s injuries.
Winn-Dixie argues that the summary judgment rendered in its favor is entirely consistent with our decisions involving open and obvious conditions. In Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207 (Fla. 5th DCA 1990), Judge Cowart noted that “[s]ome conditions are simply so open and obvious, so common and so ordinarily innocuous, that they can be held as a matter of law to not constitute a hidden dangerous condition.” Circle K at 1208. See also Gorin v. City of St. Augustine, 595 So.2d 1062, 1063 (Fla. 5th DCA), rev. denied, 604 So.2d 486 (Fla.1992), quoting same. In Circle K, the allegedly dangerous condition was in a parking lot where a joint was formed between concrete and asphalt surfaces. In Gorin, the allegedly dangerous condition was a curb in front of the Lightner Museum in St. Augustine where tourists boarded a tram.
Gorin stands for the proposition that an ordinary sidewalk curb which is the same color as the driveway below it is not an inherently dangerous condition. A pothole is clearly different from an ordinary sidewalk curb or a joint between concrete and asphalt. A pothole is a part of the asphalt which has fallen into disrepair, a part of the asphalt which has deteriorated substantially from its original condition. If the parking lot was in a state of disrepair, the condition may well have been at least a contributing cause of the accident. As the court in Ayers v. City of Miami, 578 So.2d 302, 304 (Fla. 3d DCA), rev. denied, 591 So.2d 180 (Fla.1991), noted in a case involving an uncapped gas valve box cover, “[t]he fact that the plaintiff knew of the condition goes to his comparative negligence, and not to the defendant’s liability in the first instance. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973)” (other citations omitted).
In Barrett v. State Dept. of Transp., 546 So.2d 1175 (Fla. 4th DCA 1989) the fourth district addressed the question, “whether the pothole had existed for a sufficient length of time to put [the Department] on actual or constructive notice of its existence, such as might constitute negligence for [the Department’s] alleged failure to make timely repairs.” In reversing a .summary judgment granted in favor of the Department, the court agreed with the court in Martin v. Consolidated City of Jacksonville, 483 So.2d 804 (Fla. 1st DCA 1986). In Martin, the court wrote:
It has long been the law of this state that a municipality can be held liable for injuries occasioned by defects existing for a sufficient length of time to allow discovery by the exercise of reasonable care. The length of time the hole existed, and whether or not it was sufficiently “visible” or “apparent” in the exercise of reasonable care are fact questions peculiarly within the province of the jury, unless the evidence, and all reasonable inferences or conclusions which may be drawn from it, would lead only to the conclusion the City was not negligent.
Martin at 806 (citations omitted).
In the instant case, the trial court’s grant of summary judgment cannot be sustained on the basis that Winn-Dixie did not have constructive knowledge of the pothole. Particularly given the manager’s admission of the existence of potholes in the parking lot at the time of the accident, a jury question exists as to whether the hole in question existed for such a period of time that discovery of it would have been made by reasonable inspection.
The summary judgment entered in favor of Winn-Dixie is
REVERSED.
DAUKSCH and THOMPSON, JJ., concur.