787 So.2d 36 (2001)
Brenda LISANTI, Appellant,
v.
CITY OF PORT RICHEY, Appellee.
No. 2D00-1283.
District Court of Appeal of Florida, Second District.
February 21, 2001.
*37 Norman Michael Murburg, Jr., New Port Richey, for Appellant.
Alan S. Zimmet and Elita D. Cobbs, Clearwater, for Appellee.
BLUE, Acting Chief Judge.
Brenda Lisanti sued the City of Port Richey for negligence arising out of the City's alleged failure to properly maintain a roadway; she appeals an adverse summary judgment. Because there are disputed issues of material fact, we reverse.
Lisanti alleged that she was riding a bike on a roadway under the City's control when she struck a rock and ran into a pothole, causing her to fall from her bike and suffer injuries. In her affidavit, Lisanti asserted that the pothole had existed for two to three weeks prior to her accident. She alleged that the accident resulted from the City's negligent maintenance of the roadway. In its motion for summary judgment, the City argued that the rock either did not constitute a dangerous condition or was so open and obvious that there was no duty to warn; the City also argued that there was no evidence it was on notice of a dangerous condition. In support of this latter argument, the City filed an affidavit by the City Clerk, stating that there was no record of complaints regarding rocks or potholes in that area of the roadway.
The elements for negligence are duty, breach, harm, and proximate cause; the additional elements for a claim of premises liability include the defendant's possession or control of the premises and notice of the dangerous condition. See Davis ex rel. Davis v. Bell, 705 So.2d 108 (Fla. 2d DCA 1998). Although the City asserted that it had no actual notice, we conclude that there is a factual issue regarding the City's constructive notice. See Turner v. Winn-Dixie Food Stores, Inc., 651 So.2d 827 (Fla. 5th DCA 1995) (reversing summary judgment in premises liability case based on disputed issue regarding store's constructive notice of pothole). "[A] municipality can be held liable for injuries occasioned by defects existing for a sufficient length of time to allow discovery by the exercise of reasonable care." Turner, 651 So.2d at 828 (quoting Martin v. Consolidated City of Jacksonville, 483 So.2d 804, 806 (Fla. 1st DCA 1986)). We must reverse the summary judgment, as the Fourth District did in Barrett v. Department of Transportation, 546 So.2d 1175, 1176 (Fla. 4th DCA 1989), because "[t]his matter clearly presents an issue of fact ... as to how long the pothole was present, as well as the size of the pothole, as it would relate to actual or constructive notice to appellee." We note that Lisanti's knowledge of the pothole does not bar this claim, but this fact is relevant to the determination of her comparative negligence. See Regency Lake Apartments Assocs., Ltd. v. French, 590 So.2d 970 (Fla. 1st DCA 1991).
Summary judgment should be granted only when there are no disputed issues of material fact. See D'Attilio v. Fifth Ave. *38 Bus. Ass'n, 710 So.2d 117 (Fla. 2d DCA 1998). Because an issue of fact exists regarding the City's constructive notice of the pothole, we conclude that the trial court erred by granting summary judgment on Lisanti's claim that the City breached its duty to maintain the roadway in a reasonably safe condition. See, e.g., Turner, 651 So.2d 827; Barrett, 546 So.2d 1175. Accordingly, we reverse.
Reversed and remanded for further proceedings.
FULMER and DAVIS, JJ., concur.