LeBLANC, B., Associate Judge.
Appellant, Diane Doering, timely appeals the trial court’s summary final judgment in favor of Appellee, The Villages Operating Company (“The Villages”). Because we find there are disputed questions of material fact to be determined by a fact finder, we reverse.
While walking on a large wharf — like wooden deck owned by The Villages during a well-attended Mardi Gras festival, Appellant tripped over a raised wooden plank and suffered a broken left femur.
*418 She claimed The Villages breached its duty to warn her of the dangerous condition and its duty to maintain the deck at all times in a reasonably safe condition. The Villages claimed that the cause of the fall was a common design element, not the result of poor maintenance. In addition, The Villages claimed by an affirmative defense that the condition was an open and obvious condition and therefore no duty was breached. The trial court agreed with The Villages and granted summary judgment.
A trial court’s decision to grant final summary judgment is reviewed de novo. If this court finds the lack of any genuine material issue of fact, summary judgment should be affirmed. If it appears in the record that there are disputed issues of material fact, summary judgment must be reversed. Lawrence v. Pep Boys Manny Moe & Jack, Inc., 842 So.2d 308 (Fla. 5th DCA 2003).
The Villages asserts that the deck Appellant was walking on was “not designed to be a flat surface” and included “boards that were rough and uneven to accomplish the wharf theme aesthetic.” We do not find evidence to support this assertion, but even if such evidence exists, conflicting evidence was presented that the end of the board in question was in very bad condition — completely rotted and warped upward between one-half inch and one and one-half inches above the deck’s surface. The Villages’ representative was aware, that wooden deck boards could rot and warp over time, creating a tripping hazard. Additional evidence was presented that the board constituted a building code violation because any elevation changes over a quarter inch were required to be beveled. Thus, a genuine issue of fact existed as to whether the cause of Appellant’s fall was a common design element or the result of poor maintenance. See, e.g., Aaron v. Palatka Mall, L.L.C., 908 So.2d 574, 577 (Fla. 5th DCA 2005) (noting that the “obvious danger doctrine does not apply when negligence is predicated on breach of the duty to maintain the premises in a reasonably safe condition”).[1]
REVERSED AND REMANDED.
PALMER and WALLIS, JJ., concur.

. Although unnecessary to our resolution of this case, we also believe a genuine issue of material fact existed as to whether the raised plank was open and obvious. Although Appellant testified that the raised plank was open and obvious when confronted with a close-up photo of it, she also testified that at the time she fell, thousands of people were at the festival. There were people “all around” and she was "scanning the area” for a place to sit down as she walked. Doering’s expert witness also testified that "the change in elevation would have been in [Appellant’s] lower peripheral vision which cannot adequately visualize blending color surfaces, e.g., brown and brown, if one is normally ‘looking straight ahead.' ”