IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JANET TRAINOR,

      Appellant,

 v.                           Case No.  5D15-4536

PNC BANK, NATIONAL ASSOCIATION,
KIRBY BROS. CONSTRUCTION, INC.
AND LEE WILLIAMS & ASSOCIATES, INC.,

      Appellees.
_____/

Opinion filed March 3, 2017

Appeal from the Circuit Court
for Volusia County,
William A. Parsons, Judge.

David  M. Russell, of Pappas & Russell,
P.A., Daytona Beach, for Appellant.

T'anjuiming  A.  Marx  and  Robert  J.
Rubin, of Grower, Ketcham, Rutherford,
Bronson, Eide & Telan, P.A., Maitland,
for  Kirby  Bros.  Construction,  Inc.,
Appellee.

Daniel  S.  Liebowitz  and  Kelley
Kronenberg, of the Law Firm of Kelly
Kronenberg, Orlando, for PNC Bank,
National Association, Appellee.

Derek J. Angell and Ryan P. Scordato,
of O'Connor & O'Connor, LLC, Winter
Park,  for  Lee  Williams  &  Associates,
Inc., Appellee.

JACOBUS, B.W., Senior Judge.

Janet Trainor appeals final summary judgments granted to PNC Bank, National Association (PNC), Kirby Brothers Construction, Inc. (Kirby) and Lee Williams & Associates, Inc. (Williams), collectively Appellees, in her action for damages for the alleged injuries she suffered when she stepped into a pothole in a parking lot serving customers of PNC Bank. We reverse after concluding that the obvious danger doctrine does not discharge an owner's or possessor's duty to maintain its premises in a reasonably safe condition, and that material issues of fact remain precluding summary judgment.

Ms. Trainor drove to a nearby PNC branch location intending to make a deposit with the drive-through teller on June 20, 2012. She arrived to a closed bank and opted to make her deposit through the bank's outdoor ATM. After parking her car, Ms. Trainor discovered that the area was under construction, as there was a barricade in front of the ATM and, according to her, a sign with an arrow and red lettering, directing customers to walk around. Ms. Trainor complied and began to walk around the barricade. While walking through the parking lot, she stepped in what she described as a pothole. The unexpected drop in pavement levels caused her foot to get caught and twist, resulting in a fall that fractured her left foot and leg and injured her neck and back. Although she did not see the pothole before she stepped in it, Ms. Trainor acknowledges that there was nothing prohibiting her from looking down and seeing the pothole.

Ms. Trainor filed a complaint against PNC and Kirby, PNC's general contractor, presenting two theories of liability—breach of the duty to warn and breach of the duty to maintain. Kirby filed a third-party complaint against Williams, the company that actually performed the construction, alleging counts for common law indemnity and/or contribution, negligence, and equitable subrogation. PNC moved for summary judgment,

2

joined by Kirby and Williams, claiming that they were entitled to a judgment as a matter of law pursuant to the obvious danger doctrine. Ms. Trainor responded that the condition was not open and obvious and that the doctrine did not absolve PNC of its duty to maintain. After hearing argument, the trial court concluded that Appellees were entitled to summary judgment as to all counts based on the obvious danger doctrine.

This court reviews de novo the grant of summary judgment. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). In order to determine the propriety of a summary judgment, this court must resolve whether there is any "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). Generally, "[t]he party moving for summary judgment has the burden to prove conclusively the nonexistence of any genuine issue of material fact." *Krol v. City of Orlando*, 778 So. 2d 490, 491–92 (Fla. 5th DCA 2001) (citing *City of Cocoa v. Leffler*, 762 So. 2d 1052, 1055 (Fla. 5th DCA 2000)). We must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party, and if the slightest doubt exists, the summary judgment must be reversed. *Id.* at 492.

The first inquiry in a negligence action is whether the defendant owed a duty to the plaintiff. *Id.* Under the facts of this case, Ms. Trainor occupies the status of an invitee. "This court has consistently held that the duty owed to invitees is 1) to use ordinary care in keeping the premises in a reasonably safe condition, and 2) to give timely warning of latent or concealed perils which are known or should be known by the owner or occupier." *Id.* at 492-93 (citations omitted). The duty to protect others from injury resulting from a dangerous condition on the premises rests on the right to control access to the property. *Brown v. Suncharm Ranch, Inc.*, 748 So. 2d 1077, 1078 (Fla. 5th DCA 1999); *see*

3

*generally* 41 Fla. Jur 2d Premises Liability § 5 (2017). Thus, ownership of the property is not the determining factor. Rather, it is the failure of a person who is in actual possession and control (be it the owner, an agent, a lessee, a construction contractor, or other possessor with authority or control) to use due care to warn or to exclude licensees and invitees from areas known to the possessor to be dangerous because of operations, activities, or conditions. *Haynes v. Lloyd*, 533 So. 2d 944, 946 (Fla. 5th DCA 1988). Accordingly, PNC, as owner of the parking lot in question, Kirby, as PNC's general contractor, and Williams, who performed the construction, may all be jointly liable. Notwithstanding, Kirby and Williams contend that they did not owe a legal duty to Ms. Trainor under a premises liability theory. However, this ground was not raised below in any motion for summary judgment. Accordingly, we decline to affirm summary judgment on such ground. *Loranger v. State, Dep't of Transp*., 448 So. 2d 1036, 1038–39 (Fla. 4th DCA 1984) (declining, on rehearing, to affirm summary judgment on ground not raised below, ground being an absence of legal duty); *see Agudo, Pineiro & Kates, P.A. v. Harbert Constr. Co*., 476 So. 2d 1311, 1315, n.3 (Fla. 3d DCA 1985) ("[A]s *Loranger v. State, Department of Transportation*, 448 So. 2d 1036, 1039 (Fla. 4th DCA 1983), makes clear, the 'right for the wrong reason' appellate maxim does not apply in summary judgment proceedings where the issue was never raised in the motion for summary judgment.").

The only issue raised in PNC's motion for summary judgment, to which Kirby and Williams filed joinders, was whether Appellees were entitled to judgment as a matter of law pursuant to the obvious danger doctrine. "The obvious danger doctrine recognizes that owners and occupiers should be legally permitted to assume that the invitee will perceive that which would be obvious to them upon the ordinary use of their own senses."

4

*Krol*, 778 So. 2d at 493 (footnotes, citations omitted). However, while the open and obvious nature of a hazard may discharge a landowner's or possessor's duty to warn, it does not discharge the landowner's or possessor's duty to maintain the property in a reasonably safe condition. *Dampier v. Morgan Tire & Auto, LLC*, 82 So. 3d 204, 206 (Fla. 5th DCA 2012) (citation omitted); *see also Burton v. MDC PGA Plaza Corp.*, 78 So. 3d 732, 734 (Fla. 4th DCA 2012) ("Florida courts have long held that a landowner's duty to warn is separate and distinct from the duty to maintain the premises in a reasonably safe condition. 'Case law consistently recognizes that the fact that a danger is open and obvious may operate to discharge a landowner's duty to warn, but it does not discharge the duty to maintain the property in a reasonably safe condition.'" (quoting *Lomack v. Mowrey*, 14 So. 3d 1090, 1092 (Fla. 1st DCA 2009)); *Aaron v. Palatka Mall, LLC*, 908 So. 2d 574, 577 (Fla. 5th DCA 2005) ("We have noted that in addition to alleging negligence based on breach of the duty to warn of the alleged dangerous condition, Aaron also alleges that Palatka Mall breached its duty to keep the premises in a reasonably safe condition. The fact that Aaron alleges breach of both duties is significant because the courts generally agree that the obvious danger doctrine does not apply when negligence is predicated on breach of the duty to maintain the premises in a reasonably safe condition."); *Marriott Int'l, Inc. v. Perez-Melendez*, 855 So. 2d 624, 632 (Fla. 5th DCA 2003) ("The fallacy is in the premise that the discharge of the occupier's duty to warn by the plaintiff's actual knowledge necessarily discharges the duty to maintain the premises in a reasonably safe condition by correcting dangers of which the occupier has actual or constructive knowledge. To extend the obvious danger doctrine to bar a plaintiff from recovery by negating a landowner's or occupier's duty to invitees to maintain his premises in a reasonably safe condition would be inconsistent with the philosophy of *Hoffman v.*

5

*Jones*, 280 So. 2d 431 (Fla. 1973), that liability should be apportioned according to fault.*"* (citation omitted)); *see generally* Benjamin Jilek, *The "Open and Obvious" Defense and Summary Judgment in Premises Liability Claims*, 25 Trial Advoc. Q. 36, 37 (2006) ("The [other] duty owed by a landowner or occupier to an invitee is to use reasonable care to maintain the premises in a reasonably safe condition. In contrast to popular belief among many trial attorneys and judges, the duty to maintain is not related to, or discharged along with, the duty to warn.  Instead, it is a distinct duty that does not depend on whether or not the condition was open and obvious: A plaintiff's knowledge of a dangerous condition does not negate a defendant's potential liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment." (footnotes, citations and internal quotations omitted)).

Further, "[w]hen an injured party alleges that the owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious." *Aaron*, 908 So. 2d at 578 (citing *Lotto v. Point E. Two Condo. Corp.*, 702 So. 2d 1361, 1362 (Fla. 3d DCA 1997)).  The length of time the pothole may have existed, whether the pothole had existed for a sufficient length of time to put Appellees on actual or constructive notice of its existence, such as might constitute negligence for the Appellees' alleged failure to make timely repairs are material issues of fact that remain.  *Turner v. Winn-Dixie Food Stores, Inc.*, 651 So. 2d 827, 828 (Fla. 5th DCA 1995) (citing *Barrett v. State Dep't of Transp.*, 546 So. 2d 1175 (Fla. 4th DCA 1989); *Martin v. Consol. City of Jacksonville*, 483 So. 2d 804 (Fla. 1st DCA 1986)).  Accordingly, the trial court erred in entering summary judgment in regards to the theory alleged by Ms.

Trainor that Appellees breached their duty to maintain the premises in a reasonably safe condition. *Cf. Aaron*, 908 So. 2d at 578 ("[W]e do not think that the obviousness of the condition relieved the condominium association of the duty to repair it . . . . We think there remains a factual issue whether the association should anticipate that condominium residents would use the sidewalk and proceed to encounter the cracked and uneven concrete, notwithstanding that the condition was obvious, and would be harmed thereby." (quoting *Lotto*, 702 So. 2d at 1362)); *accord De Cruz-Haymer v. Festival Food Mkt., Inc.*, 117 So. 3d 885, 888 (Fla. 4th DCA 2013) ("When an injured party alleges that the owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious." (quoting *Aaron*, 908 So. 2d at 578)). "Moreover, when the failure to maintain premises is alleged, the obvious nature of the danger creates an issue of fact regarding the plaintiff's own comparative negligence." *De Cruz-Haymer*, 117 So. 3d at 888 (citing *Burton*, 78 So. 3d at 735; *Fieldhouse v. Tam Inv. Co.,* 959 So. 2d 1214, 1216 ("A plaintiff's knowledge of a dangerous condition . . . simply raises the issue of comparative negligence and precludes summary judgment.")).

For the reasons stated herein, we reverse the final summary judgments entered in favor of PNC, Kirby and Williams and remand this case for further proceedings.

REVERSED AND REMANDED.

SAWAYA and EDWARDS, JJ., concur.