# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2022-2554
LT Case No. 2020-CA-002218

———————————————

JEAN MUURAHAINEN,

    Appellant,

    v.

THE TJX COMPANIES, INC., d/b/a
HOMEGOODS,

    Appellee.

———————————————

On appeal from the Circuit Court for Seminole County.
Jessica J. Recksiedler, Judge.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellant.

Sharon C. Degnan, of Kubicki Draper, Orlando, for Appellee.

November 15, 2024


EDWARDS, C.J.

The underlying case involved a customer, Appellant, Jean Muurahainen, who tripped over a furniture trolley cart left in place by a store employee. Appellant fell to the floor, allegedly suffering an injury for which she received medical treatment. The trial court granted summary judgment in favor of Appellee, The TJX Companies, Inc., d/b/a HomeGoods after finding that the cart she tripped over was open and obvious as a matter of law, as it

could be seen in the store's video and screenshots from the video. Appellant points to her testimony that she was unaware of the cart prior to tripping over it, claiming that it was low to the ground and that a wall of merchandise blocked her view as she left from the cashiers' area to enter the sales floor. One of Appellee's employees testified that the cart was not visible from the register where Appellant had been returning a prior purchase. Thus, Appellant argues that the trial court erred by overlooking that there was a triable genuine dispute of material fact. We agree and reverse for further proceedings.

Summary judgments are reviewed de novo. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is appropriate only when, "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 75 (Fla. 2021) (citation omitted); *Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1278 (Fla. 5th DCA 2023) (citation omitted). A summary judgment movant must show (1) the absence of a "genuine dispute as to any material fact" and (2) entitlement "to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "The trial court must view the summary judgment evidence in the light most favorable to the non-moving party when deciding whether summary judgment is appropriate." *Baum v. Becker & Poliakoff, P.A.*, 351 So. 3d 185, 189 (Fla. 5th DCA 2022) (quoting *Boyle v. Hernando Beach S. Prop. Owners Ass'n.*, 124 So. 3d 317, 319 (Fla. 5th DCA 2013) (citations omitted)).

In actions such as this, key considerations are the nature and extent of duties Appellee owed to Appellant and if any duties were breached. *Fuentes v. Sandel, Inc.*, 189 So. 3d 928 (Fla. 3d DCA 2016). A business, such as Appellee, owes two distinct duties to invitees like Appellant: (1) maintaining its premises in a reasonably safe condition, and (2) warning customers of perils or concealed dangers known to the business that are not apparent to customers by the exercise of reasonable care. *Krol v. City of Orlando*, 778 So. 2d 490, 492 (Fla. 5th DCA 2001). There is no duty to warn an invitee of an obvious danger. *See City of Melbourne v. Dunn*, 841 So. 2d 504, 505 (Fla. 5th DCA 2003) ("An owner of land is not required to give an invitee warning of an obvious danger, and is entitled to assume an invitee will perceive

something obvious."). While a customer's awareness of a dangerous condition may be fatal to a failure to warn claim, it "does not negate a defendant's potential liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment." *Trainor v. PNC Bank, N.A.*, 211 So. 3d 366, 369 (Fla. 5th DCA 2017) (citations omitted).

In our case, the store's video, obtained from two different cameras, captures the size and location of the cart. The flat surface of the cart is relatively low compared to a shopping cart. The record reveals that there is an elevated handle on one side of the cart and near that handle was a small table atop the cart. It is undisputed that a store employee had placed the cart in, or adjacent to, the aisle one encounters upon entering the store.

The video captured the initial phase of Appellant's encounter with the cart. She did not trip until she had passed by the part of the cart where the handle and the small table were located. Appellee argued, and the trial court found, that a portion of the video shows Appellant actually perceiving the cart prior to tripping. That video clip is arguably very consistent with Appellee's position and the trial court's finding, i.e., that the cart and any trip hazard it posed were open and obvious. However, Appellant clearly testified that she did not see the cart before tripping over it. A second perspective in another video clip is less supportive of Appellee's argument and the court's findings. The actual fall occurs just outside any camera's view.

Where video evidence utterly and completely discredits a testimonial account of the same events to the extent that no reasonable jury could believe the testimony, the trial court is justified in not relying upon that witness's testimony for summary judgment purposes. *Scott v. Harris*, 550 U.S. 373, 380 (2007). However, despite having video available from multiple camera locations, nothing duplicated Appellant's visual perspective, nor does the video show exactly how the trip and fall occurred. It cannot be said that the video evidence here conclusively, clearly, and completely negated Appellant's sworn testimony that her view of the cart was obstructed until she turned and that she was

3

unaware of its presence until she tripped over it. *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013).

If we were reviewing a judgment following a bench trial or an order upholding a jury's verdict in favor of Appellee, we might affirm; however, that is not what is before us. On this record, we find that there remain triable issues; thus, it was error to grant summary judgment in favor of Appellee. We reverse the summary judgment and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

MAKAR and SOUD, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4