# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2346
LT Case No. 2022-011136-CIDL

_____

MICHELLE SUTLEY,

    Appellant,

    v.

THE OCEAN TRILLIUM SUITES,
INC.,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Michael Scott Orfinger, Judge.

David L. Luck, of Morgan & Morgan, P.A., Miami, and Tyler R. Kobylinski, of Morgan & Morgan, P.A., Orlando, for Appellant.

Charles E. Reynolds and Samantha Epstein, of Tyson & Mendes, LLP, Tampa, and Dwight O. Slater, of Tyson & Mendes, LLP, Jacksonville, for Appellee.

November 7, 2025

PER CURIAM.

Appellant challenges a summary final judgment rendered in favor of Appellee on Appellant's trip-and-fall premises liability claim. Specifically, Appellant asserts that there was a genuine issue of material fact as to whether Appellee maintained its

premises in a reasonably safe condition insofar as Appellant presented expert testimony that the abrupt change in elevation between the sidewalk and the ramp to Appellee's pool area—where Appellant fell—constituted a building code violation.

Although the trial court found that the condition was open and obvious, this did not discharge Appellee's duty to maintain its premises in a reasonably safe condition. *See Frazier v. Panera, LLC*, 367 So. 3d 565, 568 (Fla. 5th DCA 2023); *Parker v. Shelmar Prop. Owner's Ass'n*, 274 So. 3d 1219, 1221 (Fla. 5th DCA 2019); *Trainor v. PNC Bank, Nat'l Ass'n*, 211 So. 3d 366, 368 (Fla. 5th DCA 2017). Expert testimony that Appellee's walkway violated the building code constituted prima facie evidence of negligence based on a breach of Appellee's duty to maintain its premises in a reasonably safe condition, which was sufficient to defeat Appellee's motion for summary judgment. *See Dudowicz v. Pearl on 63 Main, Ltd.*, 326 So. 3d 715, 719 (Fla. 1st DCA 2021) (reversing summary judgment where hotel's violation of building code provisions constituted prima facie evidence of negligence based on a breach of the hotel's duty to maintain its premises in a safe condition); *Parker*, 274 So. 3d at 1221 (holding that summary judgment was improper where plaintiff's expert opined that the placement of a wheel stop near defendant's building constituted a dangerous condition in violation of the Florida Building Code, which constituted prima facie evidence of negligence); *Cruz v. Wal-Mart Stores E., LP*, 268 So. 3d 796, 798–800 (Fla. 4th DCA 2019) (holding that expert opinion that a raised manhole cover was a dangerous condition in violation of the Broward County Code was sufficient to defeat defendant's motion for summary judgment); *Doering v. Vills. Operating Co.*, 153 So. 3d 417, 418 (Fla. 5th DCA 2014) (reversing summary judgment where evidence was presented that a warped board on defendant's deck violated a building code provision requiring any elevation changes over a quarter inch to be beveled); *Holland v. Baguette, Inc.*, 540 So. 2d 197, 198 (Fla. 3d DCA 1989) (reversing summary judgment where the affidavit of plaintiff's engineer supported the allegation that a step over was built in violation of the South Florida Building Code, which, if proven, would constitute prima facie evidence of negligence). Accordingly, we reverse and remand for further proceedings.

REVERSED and REMANDED.

JAY, C.J., and EDWARDS and HARRIS, JJ., concur.

—————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————————